UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYON LIVELY,<br><br>             Plaintiff,<br><br>   v.<br><br>J. WOODFORD, et al.,<br><br>             Defendants. | 1:05 CV 0362 REC DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

       Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's complaint filed March 18, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**A.     Plaintiff's Allegations.**

Plaintiff names as defendants J. Woodford, Director of the California Department of Corrections; A. Scribner, Warden California State Prison Corcoran; Correctional Lieutenants. Hoyt, and Grandy; Correctional Sergeants Swetich and Martinez; and Correctional Officers Gonzales and Aguirre.  Plaintiff alleges that defendants conspired to and did have him placed in administrative segregation for an unspecified amount of time by falsifying rules violation reports relating to a February 5, 2004 incident where a riot broke out between white and black inmates at California State Prison Corcoran (CSP COR).  Plaintiff alleges that he was not involved in the riot but defendants falsified reports causing him to receive a Rules Violation Report and be placed in administrative segregation pending an investigation.  Plaintiff states that the falsified report was written by defendant Gonzalez for which plaintiff received a "CDC 128 B."  Plaintiff also alleges that in placing him in administrative segregation for an unspecified period of time defendants confiscated his personal property.  He states that his gold chain, radio and televison were inventoried and during transport his radio was damaged.

On February 19, 2004, plaintiff was adversely transferred from CSP COR to the California Substance Abuse Treatment Facility, Corcoran and again placed in administrative segregation apparently due to an ongoing investigation of charges unrelated to the February 5, 2004 incident.

On April 7, 2004, plaintiff received another Rules Violation Report alleging that he conspired to assault/murder an inmate.  He alleges that the report, authored by defendant Hoyt, was falsified and he was subsequently found "not guilty" of the charges.  While it is unclear, it appears that plaintiff remained in administrative segregation through the filing of his complaint on March 18, 2005.

Plaintiff contends that during this process he was denied procedural due process in that the Classification Committee kept requesting extensions of time and it took eight months for the hearing.  Plaintiff alleges that he utilized the institution's grievance procedure to attempt to gain his release back into general population, to no avail.  He states that he wrote a letter addressed to

defendant Woodford's office with no success.

Plaintiff also alleges that the ISU officers convinced the Kings County Superior Court t issue a search warrant for his mother's house where a gun and marijuana were found resulting in her criminal conviction.  Plaintiff alleges that this was done to make him suffer and that his retention in administrative segregation, coupled with the imprisonment of his mother created an atypical and significant hardship for him.

**B.      Due Process Claims**

Plaintiff's  allegations that his due process rights were violated in conjunction with his placement and retention in Ad-Seg are not cognizable under section 1983.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake.

Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily

contemplated by a sentence) (quotations omitted); <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

Plaintiff's additional allegations relating to his mother's imprisonment do not change the result.  While the imprisonment of his mother may have caused plaintiff mental anguish, plaintiff has failed to identify a violation of his constitutional rights based on his mother's arrest and/or conviction.

Further, even if plaintiff had a liberty interest in remaining free from Ad-Seg, plaintiff has alleged no facts that support his claim he was deprived of the procedural due process protections he was due.  It appears that plaintiff was informed of the reasons for his placement in Ad-Seg via the CDC-114 form and plaintiff was provided with periodic reviews following his placement in Ad-Seg.  Thus, plaintiff received all the notice he was due regarding his placement in Ad-Seg, and all the process he was due regarding his retention in Ad-Seg.  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Due Process does not require that plaintiff be provided with "detailed written notice of charges . . ." or "a written decision describing the reasons for placing the prisoner in administrative segregation," and "due process does not require the disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation."  <u>Id</u>.

Moreover, with regard to the April 7, 2004 rules violation, the process obviously worked in that he was found "not guilty" of the charges.

Plaintiff also fails to state a cognizable claim under section 1983 with regard to his personal property.  Plaintiff alleges that his personal property was destroyed.  The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>,

418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as plaintiff was provided with process, prison officials may deprive him of his property.

**C.  Conspiracy**

To the extent plaintiff alleges that the named defendants conspired to remove him from general population, place him in administrative segregation, deprive him of his personal property and to imprison his mother, these allegations fail to state a claim under section 1983. In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.

**D.  Defendants Woodford and Scribner**

To the extent plaintiff names Woodford and Scribner as defendants based on their supervisory positions, plaintiff is advised that under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Woodford or Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Further, "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

**E.     Conclusion**

In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

1  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
2  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
3  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
4  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
5  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
6  588 F.2d 740, 743 (9th Cir. 1978).

7       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
8  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
9  complaint be complete in itself without reference to any prior pleading.  This is because, as a
10 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
11 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
12 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
13 each claim and the involvement of each defendant must be sufficiently alleged.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15            1.  Plaintiff's complaint is dismissed; and

16            2.  Plaintiff is granted thirty days from the date of service of this order to file an
17 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
18 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
19 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
20 and two copies of the amended complaint; failure to file an amended complaint in accordance with
21 this order will result in dismissal of this action for failure to state a claim and failure to comply with
22 the court's order.

23       IT IS SO ORDERED.

24   Dated:   September 23, 2005              /s/ Dennis L. Beck
     3b142a                                   UNITED STATES MAGISTRATE JUDGE