UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYON LIVELY,<br>Plaintiff,<br>v.<br>J. WOODFORD, et al.,<br>Defendants. | 1:05 CV 0362 AWI DLB P<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION PROCEED ONLY ON COGNIZABLE CLAIMS |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's amended complaint and plaintiff's request for screening filed May 15, 2006. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

**A.     Plaintiff's Allegations.**

Plaintiff names as defendants J. Woodford, Director of the California Department of Corrections; A. Scribner, Warden California State Prison Corcoran; Correctional Lieutenants. Hoyt, and Grandy; Correctional Sergeants Swetich and Martinez; Correctional Officers Gonzales, Aguirre, Couto, Love, Alaniz, Lopez, Alvarez, Manquero, Lerma and Womack; and Classification Officers Isola, Comfort and Oftedahl.  Plaintiff alleges that defendants conspired to and did have him placed in administrative segregation for an unspecified amount of time by falsifying rules violation reports relating to a February 5, 2004 incident where a riot broke out between white and black inmates at California State Prison Corcoran (CSP COR).  Plaintiff alleges that he was not involved in the riot but defendants falsified reports causing him to receive a Rules Violation Report and be placed in administrative segregation pending an investigation.  Plaintiff states that the falsified report was written by defendant Gonzalez for which plaintiff received a "CDC 128 B."   Plaintiff also alleges that in placing him in administrative segregation for an unspecified period of time defendants confiscated his property.  He states that his gold chain and personal paper work were removed.

On February 19, 2004, plaintiff was adversely transferred from CSP COR to the California Substance Abuse Treatment Facility, Corcoran and again placed in administrative segregation apparently due to an ongoing investigation of charges unrelated to the February 5, 2004 incident.

On April 7, 2004, plaintiff received another Rules Violation Report alleging that he conspired to assault/murder an inmate.  He alleges that the report, authored by defendant Hoyt, was falsified and he was subsequently found "not guilty" of the charges.  Plaintiff remained in Corcoran ad/seg until he was transferred on May 5, 2005.

Plaintiff alleges that as a result of his ad seg placement, he suffered a significant change in his conditions of daily living which constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.

**B.     Due Process Claims**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a cause of action

for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.  Plaintiff is not entitled to procedural due process protections in a vacuum.  In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake.

Plaintiff has alleged sufficient facts to state a cognizable claim for relief under the due process clause against defendants Halberg, Hoyt, Grandy, Swetich, Martinez, Gonzales, Comfort, Oftedahl and Couto but has failed to state cognizable claims against the remaining defendants.

As plaintiff has been advised, as to defendants Woodford and Scribner, liability may not be imposed under section 1983 on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be

alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Woodford or Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

In addition, plaintiff has failed to link defendants Aguirre, Love, Couto, Lopez, Alvarez, Alaniz, Manguero, Lerma, Womack or Isola to the alleged violations of his due process rights.  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  With respect to defendants, Aguirre, Love, Couto, Lopez, Alvarez, Alaniz, Manguero, Lerma, Womack or Isola, plaintiff has failed to do so.

**C.     Inmate Appeals**

To the extent plaintiff once again makes allegations regarding the failure of defendants to process his inmate appeals, as plaintiff was advised, "[A prison] grievance procedure is a procedural

right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

**D.      Equal Protection Claim**

Plaintiff alleges that defendants denied him "equal protection of law" by treat him differently from other similarly situated prisoners. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.

Although plaintiff alleges defendants violated the Equal Protection Clause of the Fourteenth Amendment, plaintiff has alleged no specific facts demonstrating that any of the named defendants acted with intentional discrimination against him.

**E.     Conclusion**

In summary, the Court finds that plaintiff states cognizable due process claims against defendants Halberg, Hoyt, Grandy, Swetich, Martinez, Gonzales, Comfort, Oftedahl and Couto but has failed to state any cognizable claims for relief against the remaining defendants. Accordingly, the Court recommends that this action proceed against these defendants only and that the remaining defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 8, 2006**            **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
6