# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYTON LIVELY, | CASE NO. 1:05-cv-0362-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| J. WOODFORD, et al., | |
| Defendants. | (Doc. 26) |

I.  Findings and Recommendations Addressing Defendants' Motion to Dismiss

   A.  Procedural History

Plaintiff Dayton Lively is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint filed on October 18, 2005, against defendants Halberg, Hoyt, Grandy, Swetich, Gonzalez, Cuoto, Comfort, Oftedahl and Martinez for denial of due process.  On July 9, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants Swetich, Grandy, Comfort, Couto, Oftedahl, Martinez and Hall filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.  On July 26, 2007, defendants Hoyt and Halberg filed a joinder to the motion.  Plaintiff did not file an opposition to the motion.

   B.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

1 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
2 administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney
3 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief
4 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
5 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,
6 Porter v. Nussle, 435 U.S. 516, 532 (2002).

7 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
8 defense under which defendants have the burden of raising and proving the absence of exhaustion.
9 Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to
10 exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated
11 Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza
12 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
13 In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look
14 beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court
15 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
16 dismissal without prejudice. Id.

17     C.    Discussion

18 The California Department of Corrections has an administrative grievance system for
19 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting
20 a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal
21 level, first formal level, second formal level, and third formal level, also known as the "Director's
22 Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being
23 appealed, and the process is initiated by submission of the appeal to the informal level, or in some
24 circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section
25 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to
26 filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

27 Defendants argue that they are entitled to dismissal because plaintiff did not file an inmate
28 appeal grieving his due process against them. In support of their motion, defendants submit evidence

that there is no record of an appeal concerning the due process claims against them. Jones Dec. ¶3-5; Grannis Dec., ¶3.) As noted, plaintiff did not file an opposition to the motion.

Defendants have submitted evidence that there is no record of a director's level appeal filed by plaintiff concerning the claims in this action. Defendants' evidence is sufficient to shift the burden to plaintiff to demonstrate that he did exhaust. Plaintiff has failed to oppose the motion or otherwise demonstrate that he did file an inmate appeal and exhaust the process regarding his claims against defendants.

### D. Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motions, filed July 9, 2007 and July 26, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 18, 2007**             /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE